THIGPEN, Judge,
concurring in part and dissenting in part.
I am concerned with that portion of the majority opinion that analogizes the Mobile pension act with the Trinity Act, which has been applied to similar cases from Montgomery. Tillman, supra, the only authority cited by the majority that specifically examines the Mobile pension act, does not rely upon, as precedent, those cases that interpret dissimilar pension acts. I do not believe that the terms “permanently disabled” and “totally disabled” are interchangeable.
In an effort to ascertain the true intent of the legislature in its enactments, the entire statute must be examined, and each section must be given effect, if possible. Tillman, stvpra.
*802 The relevant portion of the Trinity Act is as follows:
“ ‘Any employee of any county having a population of not less than 96,000 nor more than 140,000 inhabitants, according to the 1950 or any subsequent federal decennial census, who is totally disabled as a result of an injury received while in the performance of his official duties shall receive each month during the time such total disability shall continue a benefit payment equal to the amount of one-half of his base monthly compensation at the time of his injury.’ The Trinity Act, Act No. 233, Regular Session, 1951 Ala.Acts (codified at Code 1940, Tit. 62, § 528-(3) (Supp.1955). (Emphasis added.)”
Robinson at 696.
The Mobile pension act, of which the pertinent part is quoted by the majority, provides that a fire-fighter’s job-related permanent disability “must render his retirement necessary.” I interpret that language to mean that if the firefighter is capable of being employed in any position within his department, then it is not necessary that he retire and receive disability retirement benefits. Gordon, therefore, as a potentially employable individual, was not entitled to receive the requested benefits.
Our research reveals no authority permitting. application of the Trinity Act to cases interpreting the Mobile pension act. The two acts are incongruous and must be read and applied autonomously.
Permanent disability and total disability are not synonymous terms. I believe that the term “permanent” addresses a measure of time, whereas the term “total” addresses the extent of a disability. An individual- may have a permanent disability which is less than total and be gainfully employed; therefore, he is not “totally disabled.” Additionally, one could be temporarily “totally disabled” from gainful employment during recuperation.
Therefore, because I would affirm the trial court’s order in its entirety, I must respectfully dissent.